No. 736

LANGSHAW, Ex., v. STONE et al

No. 18687. Supreme Court

Pending on motion to order Cuyahoga Appeals to certify record. Docketed July 2, 1924. 2 Abs. 436.

1271—WILLS—Verdict against the weight of evidence—Should a reviewing court set aside the verdict of a jury when, although the court does not agree with the verdict, there seems to be some evidence to support it?

Action in Cuyahoga Common Pleas in which Myrtle B. Stone et al, children of Stephen H. Langshaw, deceased, sought to set aside their father's will, on the grounds of alleged mental incapacity and undue influence. The jury in the trial court found for the contestants.

The Court of Appeals affirmed the judgment but mentioned the fact that "The most impressive feature of such evidence as offered by the contestants is its apparent lack of detail, particularly as to any facts or circumstances from which the witnesses testifying would be justified in deducing the opinions and conclusions which they were permitted to give to the jury." The court also stated, however, that "It seems reasonable to assume from all the admitted surroundings and circumstances of the case that more proof of the testator's alleged mental condition—would have been available to the contestants. However, the jury heard testimony of a few witnsses who, in positive and unqualified terms, testified to a lack of mental capacity of the testator."

The court, following French v. Millard, 2 OS 53, held that a mere disagreement between the reviewing court and the jury, was not sufficient to warrant setting aside the finding.

Plaintiff herein claims that the Court of Appeals erred in this view and that the verdict should be set aside.

Attorneys—Spear, Godfrey & Spear, for Langshaw; Calfee, Fogg & White, for Stone et al; all of Cleveland.

---

No. 737

WEAVER v. REICHERT

No. 18657. Supreme Court

ON MOTION TO CERTIFY

Pending on motion to order Hamilton Appeals to certify record. Docketed June, 14, 1924. 2 Abs. 420.

85. APPEAL. Does appeal lie from Cincinnati Municipal Court to Common Pleas.

Epitomized Opinion

Reichert recovered judgment on check against Weaver in Cincinnati Municipal Court. Weaver set up defense that the note was given for gambling debt and by cross-bill of particulars attempted to recover $165 lost by gambling in Reichert's place. This was dismissed. He then appealed, a general appeal under 11215 GC., to the Common Pleas. Reichert moved to strike appeal from files. Done. This was affirmed on rehearing by Court of Appeals.

Attorneys—Lester Butterworth and Wm. Madden, for Weaver; Otto Spangenberg, for Reichert; all of Cincinnati.